```
UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
                                    :           MASTER FILE
IN RE:                              :           MDL NO. 1789
                                    :           1:06-MD-1789 (JFK) (JCF)
FOSAMAX PRODUCTS LIABILITY          :
LITIGATION                          :
- - - - - - - - - - - - - - - - - -:           MEMORANDUM
This Document Relates To All Actions:           AND  ORDER
                                    :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

This multidistrict litigation concerns allegations that Fosamax, a drug manufactured by defendant Merck & Co., Inc. ("Merck"), causes osteonecrosis of the jaw. Merck has now moved pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Civil Rule 30.1 for an order compelling plaintiff's designated expert, Dr. Alistair N. Goss, to appear for deposition in New York or, in the alternative, for the plaintiffs to pay the expenses for Merck's counsel to participate in the deposition in Australia.

Background

Dr. Goss is an oral surgeon and Professor of Oral and Maxillofacial Surgery based in Adelaide, Australia. He has authored reports concerning the relationship between bisphosphonates -- the class of substances that includes the active ingredient in Fosamax -- and osteonecrosis. The Plaintiffs Steering Committee (the "PSC") characterizes his anticipated testimony as unique and critical to this case. (Plaintiffs

1

Steering Committee's Memorandum of Law in Opposition to Merck's Motion to Compel Dr. Goss to Appear in the United States for Deposition and Trial ("PSC Memo.") at 1). The PSC previously proffered Dr. Goss as a witness in connection with its motion for class certification, and counsel for Merck took his deposition in Australia at that time. (Memorandum of Law in Support of Motion of Defendant Merck & Co., Inc. to Compel Production of Plaintiffs' Expert in the United States for Trial and Deposition Testimony or for Expenses Related to Travel to Australia ("Merck Memo.") at 2). The PSC now intends to conduct a _de bene esse_ deposition to preserve his testimony for trial, and Merck seeks to take further discovery of Dr. Goss by way of deposition.

Discussion

"'[T]he usual rule . . . in federal litigation, [is that] in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located.'" United States v. Phillip Morris USA, Inc., No. Civ. A. 99-2496, 2004 WL 3253681, at *1 (D.D.C. Aug. 30, 2004) (quoting Yaskawa Electric Corp. v. Kollmorgen Corp., 201 F.R.D. 443, 444 (N.D. Ill. 2001)); see Bank of New York v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135, 155 (S.D.N.Y. 1997) (directing that deposition of employee of defendant be held where deponent was employed). Indeed, a deposition subpoena may be quashed if it "requires a person who is neither a party nor a party's officer to travel more

2

than 100 miles from where that person resides, is employed, or regularly transacts business[.]" Fed. R. Civ. P. 45(c)(3)(A)(ii).

Any such presumption is attenuated, however, where the witness in question is a party's designated expert. See Frederick v. Columbia University, No. 01 Civ. 4632, 2003 WL 260685, at *1 (S.D.N.Y. Feb. 4, 2003). In Frederick, the plaintiff's expert, who worked in California, was required to appear for deposition in New York where the case was filed because, as the court reasoned, "Plaintiff chose his expert and should produce the deponent without creating unreasonable litigation expenses for defendants." Id. In any event, any presumption is "merely a decision rule that facilitates determination when other relevant factors do not favor one side over the other." Mill-Run Tours, Inc. v. Khashoggi, 124 F.R.D. 547, 550 (S.D.N.Y. 1989). Courts retain substantial discretion to "specify[] terms, including time and place, for disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(B).

In this case, two factors weigh heavily in favor of conducting Dr. Goss' deposition in Australia. First, he is engaged in an active medical practice (PSC Memo. at 1 & Exh. C n.§), and it would be disruptive to the performance of his job and unfair to his patients, who are not involved in this litigation, if he were required to take the time to travel to New York for his deposition. Second, counsel for the PSC have represented that Dr. Goss' wife suffers from a progressive illness that requires his constant

attention.  (PSC Memo. at 2-3).  This alone should trump other factors that go merely to the convenience of the parties or of counsel.  Accordingly, Dr. Goss' deposition shall be conducted in Adelaide.

In some situations, costs may be contained by conducting a remote deposition telephonically or by video conference.  This case, however, does not lend itself to such a solution.  As the PSC has argued, Dr. Goss' testimony may be critical.  (PSC Memo. at 1).  He is likely to be presented with numerous documents (Merck Memo. at 5), making anything other than a face-to-face deposition unwieldy.  Since his testimony is being preserved for trial, it is important to have counsel present so that the examination most closely approximates that which would occur in the courtroom.  For all of these reasons, then, the deposition shall be conducted with counsel present in person.  See R.S. ex rel. S. v. Ridgefield Board of Education, No. 3:06CV01783, 2008 WL 1989774, at *2 (D. Conn. May 5, 2008) (denying request for telephone or video deposition on ground that it could "hamper the Plaintiffs' attorney's ability to fully conduct the deposition"); Willis v. Mullins, No. CV F 04 6542, 2006 WL 894922, at *3 (E.D. Cal. April 4, 2006) (requiring in-person deposition in light of "unreasonable restraints" of video conferencing, "especially concerning the review and use of documents"); Silva Run Worldwide, Ltd. v. Gaming Lottery Corp., No. 96 Civ. 3231, 2003 WL 23009989, at *2 (S.D.N.Y. Dec. 23, 2003)

(rejecting telephonic or video deposition because of importance of testimony and volume of documents).

Finally, Merck argues that if the deposition is to be conducted in Australia, the PSC should be required to advance to Merck the associated costs.  (Merck Memo. at 5-7).  Local Civil Rule 30.1 provides:

> When a proposed deposition upon oral examination, including a deposition before action or pending appeal, is sought to be taken at a place more than one hundred (100) miles from the courthouse, the court may by order provide that prior to the examination, the applicant pay the expense (including a reasonable counsel fee) of the attendance of one attorney for each adversary party at the place where the deposition is to be taken.  The amounts so paid, unless otherwise directed by the court, shall be a taxable cost in the event that the applicant recovers costs of the action or proceeding.

See Commodity Futures Trading Commission v. Commodity Investment Group, Inc., No. 05 Civ. 5741, 2005 WL 3030816, at *2 (S.D.N.Y. Nov. 10, 2005) (requiring plaintiff to pay expenses of defendant's counsel in connection with distant depositions); Mengele v. Patriot II Shipping Corp., No. 99 Civ. 8745, 2001 WL 1160661, at *1-2 (S.D.N.Y. Sept. 28, 2001) (upholding order for defendant to pay costs of plaintiff's counsel for out-of-state deposition).

Here, the PSC is the "applicant" since it seeks to have Dr. Goss' deposition taken in Australia rather than New York, and no factor cuts significantly against adhering to the presumption created by Local Rule 30.1.  Although the PSC argues that Merck has vastly more resources, the PSC acknowledges that it has a budget of

approximately $1.2 million for litigating these cases through January 2010. (PSC Memo. at 5). Moreover, it was the PSC that chose to engage Dr. Goss as the plaintiffs' expert. It cannot now argue that extraordinary costs associated with deposing him in the city where he lives and works should be allocated to Merck.

Conclusion

For the reasons set forth above, counsel shall depose Dr. Goss in person in Adelaide, Australia. The PSC shall advance to Merck the costs, including reasonable counsel fees, for the attendance of one attorney at the deposition.

SO ORDERED.

*[signature]*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       March 4, 2009

Copies mailed this date:

Timothy M. O'Brien, Esq.
Levin, Papantonio, Thomas, Mitchell,
    Echsner & Proctor, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502

Norman C. Kleinberg, Esq.
Theodore Mayer, Esq.
William J. Beausoleil, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004

Paul F. Strain, Esq.
David J. Huebeck, Esq.
M. King Hill, III, Esq.
Venable LLP
750 East Pratt Street, Suite 900
Baltimore, MD 21201