USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Aug. 22, 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
IN RE:                                 :
FOSAMAX PRODUCTS LIABILITY LITIGATION  :  No. 06 MD 1789 (JFK)
-------------------------------------  :
This document relates to all actions.  :  **MEMORANDUM**
------------------------------------- X   **OPINION & ORDER**

**John F. Keenan, United States District Judge:**

Before the Court is a motion by Merck for a second Lone Pine Order. For the reasons that follow, the motion is denied.

### I. Background

On November 20, 2012, the Court issued a Lone Pine order, requiring a category of plaintiffs to provide additional information to Defendants. Specifically, all plaintiffs who did not allege "osteonecrosis of the jaw" or "osteomyelitis" were required to produce expert reports supporting their claims. The Court set a series of deadlines for the plaintiffs to make Lone Pine productions, all of which have since lapsed. The limited scope of the Lone Pine order subjected 439 plaintiffs to the process. In the end, approximately 430 of those plaintiffs' cases were dismissed.

Now, Merck requests a second Lone Pine order that would apply to the following three categories of plaintiffs: "(1) [those] who have failed to produce medical records evidencing a diagnosis of osteonecrosis of the jaw ("ONJ") or osteomyelitis; (2) [those] who can establish only minimal usage of Fosamax

(less than one year of use based on pharmacy records); or (3) [those] whose last usage of Fosamax was extremely remote from their injury (no prescriptions filled within three years of alleged onset)." (Def. Br. at 1.)

Merck suggests that the plaintiffs in the above-listed categories should be required to follow Lone Pine procedures unless they can produce certain medical records that demonstrate that they do not belong in those categories (for example, if a plaintiff does not have pharmaceutical records showing more than one year of Fosamax usage, she must submit a record from her doctor to show that she took Fosamax for longer than one year).

## II. Discussion

The Court reviewed both the authority and rationale behind the practice of issuing Lone Pine orders in its Opinion of November 20, 2013. Therefore, the Court will confine this Memorandum Opinion to addressing Merck's assertion that a second targeted order is appropriate at this stage of the MDL.

Merck's motion appears to be premised on the idea that Lone Pine orders are meant to find all the cases that can or should be dismissed. This is not so: the purpose of Lone Pine orders is to streamline litigation for eventual disposition. This goal was handily accomplished through the first Lone Pine order. And while Merck is correct that a Lone Pine order would not constitute a judicial finding that certain claims are "spurious"

2

or "meritless," it would be inappropriate for the Court to get involved in the fight between the parties on the merits even if is just for the purpose of commencing the Lone Pine process, as it would have to do if it granted Merck's motion.

Specifically, as to Merck's first proposed category, plaintiffs who Merck say have no record of a diagnosis of ONJ or osteomyelitis, the Court does not see how to single these plaintiffs out in an objective fashion. The Plaintiffs and Merck will inevitably disagree over whether any given plaintiffs' records indicate ONJ (as they already have during the briefing of this motion). Medical records are not always interpreted in the same way, as has been amply demonstrated during the bellwether trials. The mere fact that Merck proposed appointing a special master to help the parties decide which plaintiffs in category one must undergo Lone Pine procedures underscores the subjective nature of the inquiry.

Regarding Merck's second proposed category, plaintiffs whose pharmacy records indicate that they did not take Fosamax for more than a year, the Court also denies this request. Issuing a Lone Pine order for plaintiffs in this category would (a) eschew this Court's stated goal of safeguarding plaintiffs' rights, and (b) ignore other courts' admonishments to devise Lone Pine orders that reflect a balance between efficiency and equity. See In re Vioxx Prods. Liab. Litig., 557 F. Supp. 2d

3

741, 744 (E.D. La. 2008) ("In crafting a Lone Pine order, a court should strive to strike a balance between efficiency and equity."). Having previously denied Merck's summary judgment motion regarding plaintiffs who used Fosamax for less than 36 months, the Court determined that a reasonable jury could believe that short term Fosamax use could cause ONJ. Therefore, the Court can discern no reason why spurious claims would be more likely to be lurking in this category of cases.

Additionally, the Court notes that Merck would ask the Court to place an undue burden on plaintiffs who do not have the requisite pharmacy records. As the PSC correctly points out, the Court has previously ruled that evidence of Fosamax usage can be derived from pharmacy records or physician and dentists' records. Merck fails to provide any basis for limiting a possible Lone Pine inquiry to pharmacy records alone, and therefore the Court must deny their request.

As to Merck's third proposed category, plaintiffs who did not use Fosamax within three years of their alleged injury, as an initial matter, the Court notes that the AAOMS definition of bisphosphonate-related ONJ does not require that the prior use occur within a certain number of years. Moreover, Merck has vehemently opposed evidence relating to "drug holidays" in the past. Indeed, in granting Merck's motion in limine to exclude testimony that a drug holiday alters the risk of ONJ, the Court

4

held "the position papers of several task forces and expert panels have noted the lack of evidence supporting the efficacy of such "drug holidays." As such, it is perplexing that Merck now asserts that it is more likely to find spurious cases among those plaintiffs who had not taken Fosamax for the period of time immediately before their injury.

Furthermore, the Court's original Lone Pine order was meant to ensure that plaintiffs with non-specific diagnostic fit the criteria for inclusion in this MDL. Merck now seeks a Lone Pine order that would require the Court to direct extra scrutiny on certain plaintiffs based on fact-based judgments regarding the affect of exposures to Fosamax or the interpretation of medical records – i.e., that plaintiffs whose Fosamax use was more attenuated from the onset of ONJ are likely to lose. This is a matter for summary judgment, not for Lone Pine.

### III. Conclusion

For the reasons stated above, Merck's motion for a second Lone Pine order is denied.

**SO ORDERED.**

Dated:   New York, New York
         August 21, 2013

                                      *John F. Keenan*
                                      John F. Keenan
                                 United States District Judge